UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION, et al.,<br><br>Defendants. | Civil Action No. 23-3680 (CKK) |

## ANSWER

Defendants United States Food and Drug Administration ("FDA") and United States Department of Health and Human Services (the "Department" and collectively with FDA, the "Defendants"), by and through the undersigned counsel, respectfully submit the following Answer to Plaintiff's Complaint filed on December 11, 2023 (ECF No. 1), in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action.

Defendants respond to the separately numbered paragraphs (as numbered by Plaintiff) and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted herein, it is denied.  Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendants respond to the Complaint in like numbered paragraphs as follows:

1. This paragraph consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff purports to bring this action pursuant to the FOIA.

## JURISDICTION AND VENUE[1]

2. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

3. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this District.

## PARTIES

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5. FDA admits that it is an agency under the FOIA and subject to FOIA. FDA denies that its headquarters is located at 1093 New Hampshire Ave., and further avers that the correct address for its headquarters is 10903 New Hampshire Ave., Silver Spring, MD 20993.

6. The Department admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

---

[1] For ease of reference, Defendants' Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## BACKGROUND

8. This paragraph and its associated footnote consist of plaintiff's characterization of a statement from a fact sheet, to which no response is required. To the extent a response is deemed required, Defendants aver that the fact sheet is the best evidence of its contents and respectfully refer this Court to the fact sheet for a complete and accurate statement of its contents. Defendants deny the allegations in this paragraph to the extent they are inconsistent therewith.

9. This paragraph consists of plaintiff's characterization of a Department of Justice memorandum, to which no response is required. To the extent a response is deemed required, Defendants aver that the memorandum is the best evidence of its contents and respectfully refer this Court to the memorandum for a complete and accurate statement of its contents. Defendants deny the allegations in this paragraph to the extent they are inconsistent therewith.

## AFL'S FOIA REQUESTS

*Hydroxychloroquine Request to HHS*

10. Defendants admit that Plaintiff submitted a FOIA request to the Department on August 8, 2022. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendants aver that the FOIA request is the best evidence of its contents and respectfully refer this Court to that request for a complete and accurate statement of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

11. Defendants admit that the FOIA request sought a fee waiver.

12. Defendants admit that the Department sent Plaintiff an acknowledgment letter on August 9, 2022, and assigned Plaintiff's August 8, 2022, FOIA request the tracking number 2022-01072-FOIA-OS.

13. This paragraph consists of Plaintiff's characterization of the Department's acknowledgement letter, to which no response is required. To the extent a response is deemed required, the Department avers that the acknowledgement letter is the best evidence of its contents and respectfully refers the Court to the acknowledgement letter for a complete and accurate statement of its contents. The Department denies the allegations in this paragraph to the extent they are inconsistent therewith.

14. The Department admits only that, as of the date of the filing of the Complaint, the Department has not released any records to Plaintiff in response to the FOIA request. The Department further avers that it continues to process Plaintiff's August 8, 2022, FOIA request.

*Hydroxychloroquine Request to FDA*

15. Defendants admit that Plaintiff submitted a FOIA request to FDA on August 8, 2022. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendants aver that the FOIA request is the best evidence of its contents and respectfully refer this Court to that request for a complete and accurate statement of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

16. Defendants admit that the FOIA request sought a fee waiver.

17. Defendants admits that FDA sent an acknowledgment letter on August 11, 2022, and assigned Plaintiff's August 8, 2022, FOIA request the tracking number 2022-5862.

18. Defendants admits only that, as of the date of the filing of the Complaint, FDA has not released any records to Plaintiff in response to Plaintiff's August 8, 2022, FOIA request. FDA further avers that it continues to process Plaintiff's August 8, 2022, FOIA request.

*Ivermectin Request to HHS*

19. Defendants admit that Plaintiff submitted a FOIA request to FDA on September 14, 2022. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendants aver that the FOIA request is the best evidence of its contents and respectfully refer this Court to that request for a complete and accurate statement of its contents. Defendants deny all allegations in this paragraph to the extent they are inconsistent therewith.

20. Defendants admit that the FOIA request sought a fee waiver.

21. Defendants admit that the Department sent an acknowledgment letter on September 16, 2022, and assigned the request the tracking number 2022-01186-FOIA-OS.

22. Defendants admit only that, as of the date of the filing of the Complaint, the Department has not released any records to Plaintiff in response to the FOIA request. The Department further avers that it continues to process Plaintiff's September 14, 2022, FOIA request.

## CLAIM FOR RELIEF

### Violation of FOIA, 5 U.S.C. § 552

23. Defendants incorporate by reference their responses to all preceding paragraphs as if set forth fully herein.

24. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

25. Defendants deny the allegations in this paragraph.

26. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny that the they have not conducted searches and further deny that they have violated the Freedom of Information Act.

27. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny that they have violated the Freedom of Information Act.

28. This paragraph consists of Plaintiff's conclusions of law, to which no response is required.

29. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny that they have violated the Freedom of Information Act.

**PRAYER FOR RELIEF**

The remainder of the Complaint consists of Plaintiff's requests for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**DEFENSES**

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

## FIRST DEFENSE

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable FOIA exemptions.  *See* 5 U.S.C. § 552(b).

## SECOND DEFENSE

Plaintiff is not entitled to declaratory relief and/or any other relief beyond what is provided for under the FOIA. 5 U.S.C. § 552.

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

## FOURTH DEFENSE

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority.

## FIFTH DEFENSE

Defendants are not improperly withholding any responsive records.

\*   \*   \*

**SIXTH DEFENSE**

Defendants have exercised due diligence in processing Plaintiff's FOIA request, and exceptional circumstances exist that necessitate additional time for Defendants to continue processing the requests. *See* 5 U.S.C. 552(a)(6)(C).

| | |
|---|---|
| Dated: February 1, 2024<br>Washington, DC | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By:   /s/ Brian J. Levy<br>BRIAN J. LEVY<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-6734<br><br>*Attorneys for the United States of America* |

Of Counsel:

SAMUEL R. BAGENSTOS
General Counsel
U.S. Department of Health and Human Services

MARK RAZA
Chief Counsel

WENDY S. VICENTE
Deputy Chief Counsel, Litigation

KWABENA A. AKOWUAH
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993